UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING, CDCR #BK-7383,<br><br>                                      Plaintiff,<br><br>vs.<br><br>OFFICE OF THE ATTORNEY GENERAL; ERIC A. SWENSON; ALLEN BROWN,<br><br>                                      Defendants. | Case No.: 3:20-cv-00804-AJB-JLB<br><br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONEY DAMAGES FROM IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915A(b)** |

**I.     Procedural Background**

Plaintiff Jefferey Lee Mourning, currently incarcerated at Ironwood State Prison in Blythe, California, is proceeding *pro se* in this civil action filed on April 27, 2020, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff did not file a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) together with his Complaint, and instead remitted the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action. *See* ECF No. 1, Receipt No. CAS120979.

///

///

## II. Plaintiff's Allegations

Plaintiff's allegations are not entirely clear. He alleges that he was sentenced on October 25, 2019 to serve three years with an additional year enhancement due to a prior conviction as "part of the plea negotiations." (Compl. at 3.) However, the penal code section which added an additional year to Plaintiff's sentence was purportedly repealed and Plaintiff claims it should have been served "concurrent" with his three-year sentence. (*Id.*) Plaintiff alleges that Defendants Eric Swenson, a Deputy Attorney General, and Allen Brown, a Deputy District Attorney, have "asked the appeal court" to change Plaintiff's plea deal to have him serve his time consecutively rather than concurrently. (*Id.*) Plaintiff claims Defendants actions have "divested [him] of accumulated good conduct credit." (*Id.* at 4.)

As a result of Defendants' actions, Plaintiff claims that he is "experience[ing] false imprisonment." (*Id.* at 5.) He further claims Defendants are "using Plaintiff as their sacrificial lamb." (*Id.* at 6.)

Plaintiff seeks injunctive relief, as well as compensatory damages for "each day served in illegal & unconstitutional false imprisonment," and $5,000,000 in punitive damages. (*Id.* at 9.)

## III. Screening of Complaint pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

As a preliminary matter, the Court must conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d

443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

  B. <u>42 U.S.C. § 1983</u>

  "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

  C. <u>Criminal Proceedings – *Heck's* "Favorable Termination" Requirement</u>

  There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims

brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82), *cert. denied*, (Jan. 9, 2017) (No. 16-6556).

First, to the extent Plaintiff seeks damages and injunctive relief based on claims that prosecutors sought an extended sentence for Plaintiff, *see* Compl., ECF No. 1 at 3, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on an allegedly unlawful sentence, he may not proceed pursuant to § 1983, unless that conviction and/or sentence has already been

invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.

Thus, because Plaintiff does not claim to have already invalidated his sentence by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his current Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).

### D. Prosecutorial Immunity

Even if Plaintiff is able to show that the *Heck* bar does not apply, to the extent Plaintiff seeks monetary damages against Defendants Swenson and Brown, his Complaint must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b) because Swenson and Brown are entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

Thus, for all these reasons, the Court finds Plaintiff's Complaint both fails to state a claim upon which § 1983 relief may be granted and seeks monetary damages from defendants who are immune. Therefore, it must be **DISMISSED** sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121; *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting § 1915(e)(2)(b)(iii) requires sua sponte dismissal of complaints seeking

"monetary relief against a defendant who is immune from such relief," and noting its "appli[cation] to absolute immunity.").

### III.   Conclusion and Orders

For the reasons explained, the Court **DISMISSES** Plaintiff's Complaint sua sponte failing to state a claim upon which § 1983 relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915A(b).

Plaintiff may file an Amended Complaint on or before **June 15, 2020**. His Amended Complaint must cure all the deficiencies of pleading noted and must be complete by itself without reference to his original pleading. Any Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint by **June 15, 2020**, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  May 14, 2020

Hon. Anthony J. Battaglia
United States District Judge